Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed by Dillon, in the superior court of chancery, to obtain a decree for the sale of certain slaves, under a deed of trust. The complainant was the assignee of the notes secured by the deed of trust. The property contained in the deed was a tract of land with a number of slaves.
In January, 1838, the defendant, Bennett, purchased a part of the slaves from Grissom, who executed the deed of trust, and removed them from the county. All the other slaves were subsequently sold by Grissom.
The land was sold at private sale, with the assent of Dillon, for $25,000, more than enough to pay the whole debt due him. Yet by agreement with Grissom and the purchaser, Dillon *175 received only half of this sum, Grissom the other half, and the land was released from'the trust deed. This was in 1S39.
The question is, whether this agreement has the effect to release the slaves, purchased by Bennett, from the operation of the trust. On very plain principles we think it does.
In the Agricultural Bank v. Pallen, 8 S. & M. 357, it was decide.d, that where a judgment creditor had a lien upon several pieces of property, some of which had been alienated by the debtor, the property not sold must be first applied to the payment of the debt. If all have been sold, the last sold must be first applied. The same principle is recognized in Rollins v. Thompson, 13 S. & M. 524.
Perhaps it is unnecessary to declare, whether this rule is applicable in its fullest extent to this case. Its object is the preservation of entire good faith between all parties interested. In this instance a great deal more property was embraced in the deed of trust, than was requisite to pay the debt. After the purchase by the defendant, there was enough left of the trust property to pay the debt. He had a right to require, that the creditor in the deed of trust should not release any of the residue of the encumbered estate, so as to throw any farther burden or risk on that which had been sold. Dillon subsequently released the land, and thereby gave up $12,500. As to Bennett, who had previously purchased and paid for these slaves, justice requires that they should be exempt from liability to the amount so released. Had the creditor, Dillon, been merely passive, we will not decide whether Bennett would be entitled to the same relief. But his active interference gives a right to the relief. The probable fact, that the land would not have sold for $12,500 in cash, at the time the sale under the deed of trust might subsequently have taken place, cannot vary the result. The creditor cannot be permitted to speculate upon the chances, and throw the risk upon another.
All the property in the deed of trust was originally liable to its satisfaction. A purchaser with notice, could not claim its absolute exemption. Bfennett occupies that position. All he could have required, was to marshal the order of application. *176 Bat when the creditor discharged a part of the property after this parchase, he interfered with this right of the purchaser. He took the hazard upon himself, and must be held to have discharged what had been previously alienated, and impliedly to have agreed to look only to what remained.
The decree is affirmed.